Scott T. Blotter (6185)
Scott T. Blotter and Associates, PLLC
735 East 9000 South, Ste 200
Sandy, UT 84094
Telephone: (801) 601-8109
Facsimile: (801) 878-9660
scott@scottblotterlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| IN RE: | Case No. 15-25990 |
|---|---|
| TERI J. MCLAREN, | Chapter 13 Filed Electronically |
| Debtor(s). | Judge Joel T. Marker |

### NOTICE OF PRECONFIRMATION AMENDED CHAPTER 13 PLAN AND OPPORTUNITY FOR HEARING

**Objection Deadline: September 10, 2015**
**Confirmation Hearing: September 14, 2015 at 2:00 p.m.**

PLEASE TAKE NOTICE that Teri J. McLaren has filed with the United States Bankruptcy Court for the District of Utah a Notice of Preconfirmation Amended Chapter 13 Plan and Opportunity for Hearing.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

The Debtor seeks confirmation of the attached Amended Plan on September 14, 2015 at 2:00 p.m.

The plan amendments can be found in paragraphs 1(b), 6(b), 7 and 13. In summary, the plan amendments reduce the monthly plan payment, remove APG Financial as a secured creditor and add APG Financial as creditor on a lease. This paragraph, however, is intended only as a summary

and notice; **you are recommended to consult the Amended Plan to understand the specific treatment of your claim.**

NO HEARING WILL BE CONDUCTED ON THE AMENDED PLAN UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE COURT ON OR BEFORE THE OBJECTION DEADLINE SET FORTH BELOW.

If you do not want the Court to confirm the Amended Plan, then you or your attorney must:

(1) On or before September 10, 2015 file with the Bankruptcy Court a written Objection and

Request for Hearing, explaining your position, at:

United State Bankruptcy Court
350 South Main Street, Room 301
Salt Lake City, UT 84101

If you mail your objection to the Bankruptcy Court for filing you must mail it early enough so that the Court will **receive** it on or before September 10, 2015. You must also mail a copy to the undersigned counsel at:

Scott T. Blotter & Associates, PLLC
735 East 9000 South, Ste 200
Sandy, UT 84094

(2) Attend a hearing on September 14, 2015 at 2:00 p.m. in Courtroom 341, United States

Bankruptcy Court, 350 S. Main Street, Salt Lake City, UT 84101. **There will be no further notice of the hearing and failure to attend the hearing will be deemed a waiver of your objection.**

If you or your attorney do not take these steps, the Bankruptcy Court may decide that you do not oppose confirmation of the Amended Plan and may enter an order granting that relief. In the absence of a timely filed objection, the undersigned counsel may and will ask the Court to enter an order confirming the Amended Plan without hearing.

DATED: August 12, 2015        /s/ Scott T. Blotter

Scott T. Blotter
Scott T. Blotter and Associates, PLLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2015 I electronically filed the foregoing NOTICE OF PRECONFIRMATION AMENDED CHAPTER 13 PLAN AND OPPORTUNITY FOR HEARING and AMENDED PLAN with the United State Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

- Kevin R. Anderson tr    ecfmail@ch13kra.com, lneebling@ch13kra.com
- Scott T. Blotter    scott@scottblotterlaw.com, scottblotterecf@gmail.com;sandra@scottblotterlaw.com;scott@scottblotterlaw.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

/s/ Scott T. Blotter
Scott T. Blotter
Scott T. Blotter and Associates, PLLC

## CERTIFICATE OF SERVICE – MAIL, OTHER

I hereby certify that on August 12, 2015 I caused to be served a true and correct copy of the foregoing NOTICE OF PRECONFIRMATION AMENDED CHAPTER 13 PLAN AND OPPORTUNITY FOR HEARING and AMENDED PLAN as follows:

Mail Service to Entire Matrix – By regular first class United States mail, postage fully pre-paid, addressed to all parties who did not receive electronic service as set forth herein listed on the Official Court Mailing Matrix dated August 12, 2015 attached hereto.

/s/ Scott T. Blotter
Scott T. Blotter
Scott T. Blotter and Associates, PLLC

Utah Chapter 13 plan - Effective Date of July 1, 2012

# CHAPTER 13 MODEL PLAN

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH

In re    **Teri J. McLaren**                                              CASE NO.           **15-25990**
                                                                          CHAPTER 13

SSN:    **xxx-xx-9489**

## CHAPTER 13 PLAN
*(for cases filed on or after July 1, 2012)*

*[Delete reference to motion(s) if you are not valuing collateral or avoiding liens]*

Original Plan ☐    Amended Plan ☑    Modified Plan ☐    Dated: **August 12, 2015**

**CREDITORS, YOUR RIGHTS WILL BE AFFECTED.** You should review this Plan and any motion herein and discuss it with your attorney. If you disagree with the terms herein, you must file with the bankruptcy court a written objection before the deadline stated in the *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines*. In the absence of a timely written objection, the court may grant the requested relief and confirm the Plan without further notice or hearing.

1. **PLAN PAYMENTS.**

    (a) <u>Fixed Monthly Payment</u>: Debtors shall pay $____ per month to the Chapter 13 Trustee until completion of the Plan. Such payments are due on the 25th day of each month.

    (b) <u>Step Payments</u>: Debtors shall pay $ **130.00** per month to the Chapter 13 Trustee for **1** months with payments changing thereafter to:

    $ **55.00** for **2** months

    $ **140.00** for **9** months

    $ **302.00** for **8** months

    $ **642.00** for **7** months

    $ **761.00** for **33** months

    (c) <u>Contribution of Tax Refunds</u>: for the next three tax years of **2015**, **2016**, and **2017**, the Debtors shall pay into the Plan yearly state and federal tax refunds that, when combined, exceed $1,000 or $2,000 if allowed under applicable law (see section 10).

2. **APPLICABLE COMMITMENT PERIOD.** Pursuant to §1325(b)(4), as calculated under Part II of Form 22C, the Applicable Commitment Period for this case is ☑ 3 years or ☐ 5 years. Therefore, Plan payments shall be made for the following period:

    ☑ Not less than 36 months but extended as necessary for no more than 60 months to complete the required Trustee distributions under the Plan;

    ☐ Not less than 60 months;

    ☐ Other _____

3.  **RETURN TO ALLOWED NONPRIORITY UNSECURED CLAIMS.** Unless this is a 100% Plan, the amount to be distributed on such claims shall be <u>the greater of</u> the amount set forth below, or the pro rata distribution, if any, resulting from the Plan Payment multiplied by the Applicable Commitment Period of section 2 plus all tax refunds required under subsection 1(b).

<u>Pot Plan</u>: Not less than $5,500.00 to be distributed pro rata among allowed nonpriority unsecured claims.

4.  **TRUSTEE'S PERCENTAGE FEE.** The trustee shall collect the statutory fee of 28 U.S.C. § 586(e) for any disbursements actually or constructively made by the Trustee under the Plan or pursuant to the Bankruptcy Code, the Local Rules, or a court order.

5.  **ATTORNEY FEES.** Counsel for Debtors requests an award of attorney fees and costs in the amount of ☐ $3,000, ☒ $3,250, ☐ $3,500 *[select only one]*. Counsel may request additional fees by complying with the notice and hearing requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The unpaid balance of attorney's fees shall be paid as follows:

    ☒ Monthly pro rata distributions from available plan payments until paid in full (see subsection 9(b)).

    ☐ Fixed monthly payments of $_____, accruing with the first payment under the Plan until paid in full (see paragraph 9(b)).

6.  **TREATMENT OF SECURED CLAIMS.**

    (a)  <u>Motion To Value Collateral And to Void Liens Under 11 U.S.C. § 506</u>: **The Debtors move the court to value the collateral in the amount stated in the Debtors' proffered value below. Unless a timely objection is filed to this motion to value, the court will fix the value of the collateral consistent with the Debtors' proffer without further notice or hearing. A creditor's filing of a proof of claim asserting a value different than the Debtors' proffered value does not constitute an objection to confirmation. If this case is dismissed or converted before the entry of a discharge, creditors impacted by this subsection shall retain their lien to the extent allowed by §1325(a)(5)(B).** The resulting allowed secured claim of such creditor shall be paid *the lesser of* (1) the value as fixed by an order of the court or (3) the secured amount asserted in the allowed proof of claim, including any subsequent amendments or modifications by court order. The portion of any such allowed claim that exceeds the amount of the allowed secured claim shall be treated as a nonpriority unsecured claim under section 3.

| Creditor | Description of Collateral | Debt Amount Listed on Schedule D | Debtors' Proffer of Collateral Value | Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Monthly Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

    (b)  <u>Secured Claims Not Subject To 11 U.S.C. § 506</u>: Pursuant to § 1325(a)(9), the following claims are not subject to "cramdown" under § 506. The allowed secured claim of such creditor shall be the secured amount listed in the allowed proof of claim, unless modified by an amended claim or court order.

| Creditor | Description of Collateral | Estimated Secured Claim *(proof of claim controls)* | Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Monthly Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

    (c)  <u>Secured Tax Claims</u>: Any allowed secured tax claim filed by a governmental unit shall be paid the secured amount set forth on the proof of claim, unless the Plan specifically modifies the amount of the secured tax claim by setting forth different treatment of the claim in the table below. Secured claims of governmental entities will be paid at the interest rate stated in the proof of claim; or, if no interest rate is stated in the proof of claim, at the estimated statutory rate ____%. Nothing in this subsection shall prohibit the Debtors from filing a timely objection to a deemed-allowed secured tax claim, or prohibit a governmental unit from amending its secured tax claim.

| Governmental Unit | Estimated Secured Claim *(proof of claim controls)* | Estimated Statutory Interest Rate | Interest Accrual Date *(see ¶6(h)(3))* | Adequate Protection Payment | No. of Adequate Protection Payments | Equal Monthly Payment thereafter |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

    (d)    <u>Curing Defaults And Postpetition Payments</u>: The Trustee shall disburse on allowed arrearage claims, and the Debtors shall make regular postpetition payments directly to these creditors pursuant to the terms of the original contract beginning with the next payment due after the petition date. Postpetition payments made directly by the Debtors to such creditors may change due to an adjustable rate note, escrow requirements, etc., and notices of such payment changes shall be provided to the Debtors. The arrearage claim will be in the amount in the allowed proof of claim, unless modified by an amended claim or court order.

| Creditor | Description of Collateral | Estimated Arrearage *(proof of claim controls)* | Interest Rate *(enter "0%" if no interest is to be paid)* | Equal Monthly Payment *(if no equal monthly payment, leave blank)* | Equal Monthly Payment Start Date |
|---|---|---|---|---|---|
| Bank of America | Residence: Home Location: 8173 West Armoridge Cir  Magna, UT 84044 | $1.00 | 0.00% | | |

    (e)    <u>Surrender of Collateral</u>: The Debtors surrender the following collateral to the secured creditor. Upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral, and the Debtors will immediately make the collateral available for repossession by the creditor. If the surrender is in full satisfaction of the claim, no unsecured deficiency claim will be allowed, and the Trustee shall not disburse on such claim. If the surrender is in partial satisfaction, the creditor will have 180 days from the confirmation hearing date to file an amended claim for an unsecured deficiency or such creditor's claim will be deemed paid in full. If neither full nor partial satisfaction is designated, surrender is deemed in partial satisfaction of the claim.

| Creditor | Collateral to be Surrendered | Effect of Surrender |
|---|---|---|
| -NONE- | | |

    (f)    <u>Direct Payments By Debtors On Claims Secured by Personal Property:</u> The Debtors will directly make payments to the creditors listed below pursuant to the following conditions: (1) the Debtors will pay the claim without any modifications to the terms of the contract; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such collateral and claims; (3) the claim will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtors' performance on direct payments to such creditor.

| Creditor | Collateral |
|---|---|
| -NONE- | |

    (g)    <u>Motion To Void Liens Under § 522(f)</u>: **The Debtors move to avoid the following liens because they impair the Debtors' exemption asserted on Schedule C in that there is no non-exempt equity to which any part of the lien may attach. Unless a timely objection is filed as to this motion, such liens shall be avoided upon entry of the confirmation order. The filing of a proof of claim asserting a secured claim with respect to such lien does not constitute an objection.**

| Creditor | Identification of Collateral | Estimated Claim Amount |
|---|---|---|
| -NONE- | | |

    (h)    <u>Administrative Provisions Regarding Trustee Disbursements on Secured Claims:</u>

        (1) <u>Disbursements On Secured Claims</u>. The Trustee shall disburse on secured claims only if <u>all</u> of the following conditions are met: (a) the Plan specifically provides that the Trustee shall disburse on the secured claim; (b) the secured claim is allowed under 11 U.S.C. §§ 502(a) and 506(a), meaning a secured proof of claim has been timely filed, or the claim has been allowed by court order; and (c) there is no pending objection or motion with respect to such proof of claim under Bankruptcy Rules 3007 (objection to claim) or 3012 (motion to value collateral). All disbursements are subject to the Trustee having received payments under the Plan.

        (2) <u>Adequate Protection Payments</u>. The Adequate Protection columns in subsections 6(a), 6(b) and 6(c) fix the amount of monthly adequate protection and such payments shall accrue commencing with the first scheduled meeting of creditors under § 341 and continuing on the first day of each month thereafter for the number of months specified in such column. After this

time, secured creditors will receive the Equal Monthly Payments set forth in such paragraphs. Pursuant to LBR 2083-1(c), the Trustee may make preconfirmation disbursements of Adequate Protection payments; however, such payments will only be made if a secured proof of claim is filed in compliance with the applicable provisions of Bankruptcy Rules 3001, 3002 and 3004 before the earlier of the entry of an order dismissing or converting the case or the applicable claims bar date. Adequate Protection payments made during the period before interest begins to accrue on such claims shall be applied to reduce the principal balance of such claim, and adequate protection payments made or attributable to the period after interest begins to accrue shall be applied to unpaid principal and interest.

(3) Interest Accrual Date. In the Interest Accrual Date Column above, the designation "C" or "Conf." shall mean interest shall accrue and be paid from the effective date of the confirmation order and the designation "P" or "Pet." shall mean interest shall accrue and be paid from the petition date. If the Interest Accrual Date Column is left blank, interest shall accrue from the effective date of the confirmation order.

(4) Default Interest Rate. If the interest rate column is left blank in subsections 6(a), 6(b) or 6(c), interest shall accrue and be paid at the rate set forth in the proof of claim. If the proof of claim does not specify an interest rate, then interest shall accrue and be paid at 6% per annum for subsections 6(a) and 6(b). If the interest rate column is left blank in subsection 6(d), no interest shall be paid on the arrearage claim.

7. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** All executory contracts and unexpired leases are rejected unless specifically listed below, in which case such are assumed under § 365, and the Debtors will directly make postpetition lease or contract payments to the creditors listed below pursuant to the following conditions: (1) the Debtors will make such payments without any modifications to the terms of the contract or lease; (2) upon entry of the confirmation order, the automatic stay of § 362 and the co-debtor stay of § 1301 are terminated as to such leased property and indebtedness; (3) claims arising under the contract or lease will not be discharged; and (4) neither the court nor the Trustee will monitor the Debtors' performance on direct payments to such creditor(s).

| Creditor | Description of Contract or Leased Property |
|---|---|
| AT&T Mobility | Cell Phone |
| APG Financial | 2009 Pontiac G6 |

8. **PRIORITY CLAIMS.** Claims entitled to priority under 11 U.S.C. § 507(a), including domestic support obligations and unsecured taxes, will be paid in full. The allowed amount of any priority claim will be the amount in the proof of claim, unless modified by an amended claim or court order. If the Plan provides for interest on nonpriority unsecured claims, such interest shall also be paid on priority claims. The Debtors shall remain current on all postpetition domestic support obligations during the Plan term.

9. **PLAN DISTRIBUTIONS.**

(a) Allowance Of Claims. Except as otherwise specified in paragraph 6(a) of the Plan, the amount of all allowed claims to be paid through the Plan shall be determined using the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules. A proof of claim must be timely filed or specifically allowed by an order of the court to receive any disbursements from the Trustee under the Plan.

(b) Order Of Distribution. The Trustee shall collect the percentage fee under section 4 and then pay allowed claims in the following order: |

Class 1: Adequate Protection Payments and Equal Monthly Payments under section 6 pursuant to the amounts and timing provided in such section 1;

Class 2: Attorney's fees as provided for in section 5 until paid in full;

Class 3: Priority Domestic Support Obligations under § 507(a)(1) until paid in full;

Class 4: Secured Claims paid by the Trustee that are not entitled to Adequate Protection Payments or Equal Monthly Payments until paid in full;

Class 5: Other priority claims until paid in full; then

Class 6: Nonpriority unsecured claims until paid the return required by section 3.

(c) Administrative Provisions Regarding Adequate Protection And Equal Monthly Payments

(i) If monthly Adequate Protection Payments or Equal Monthly Payments are specified on a claim, such monthly payments must be current in that all monthly payments due through the date of distribution shall be paid, but such claim need not be paid in full before distributions can be made to lower-level Classes. After the full payment of allowed attorney's fees, the Trustee may, but is not required to, disburse to creditors with designated Adequate Protection or Equal Monthly Payments amounts greater than such designated payments to facilitate the prompt administration of the case. To the extent there are insufficient funds to make the required Adequate Protection or Equal Monthly Payments to all creditors in a particular class, the Trustee shall make a pro-rata distribution to such class. Unpaid portions of Adequate Protection or Equal Monthly Payments from a prior month will first be brought current before disbursements are made to lower classes, and Adequate Protection Payments will be brought current before disbursements are made on Equal Monthly Payments.

(ii) If no monthly payments are specified on a claim, payments will be paid pro rata within the designated class, and a higher-level Class will be paid in full pursuant to the Plan before distributions will be made to a lower-level Class.

**10. CONTRIBUTION OF TAX REFUNDS.** If section 1 of the Plan so requires, the Debtors shall pay into the Plan the net total amount of yearly state and federal tax refunds that exceed $1,000 for each of the tax years identified in such section. If in an applicable tax year the Debtors receive an Earned Income Tax Credit ("EIC") and/or an Additional Child Tax Credit ("ACTC") on their federal tax return, the Debtors may retain up to a maximum of $2,000 in tax refunds for such year based on a combination of the $1,000 allowed above plus the amount of the EIC and/or ACTC credits up to an additional $1,000. On or before April 30 of each applicable tax year, the Debtors shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. The Debtors shall pay required tax refunds to the Trustee no later than June 30 of each such year. However, the Debtors are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax refunds paid into the Plan may reduce the overall Plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) Plan Payments plus all annual tax refunds required to be paid into the plan.

**11.    PLAN MODIFICATION.** With the affirmative consent of the Trustee, and unless a party-in-interest objects, the Debtors may modify the Plan postconfirmation under § 1329, without further notice to creditors, to conform the Plan to the class, status, amount, value or interest rate set forth in a proof of claim (or otherwise asserted by a creditor) so long as such modification does not have a negative impact on any creditor not receiving notice, other than the delay in receiving the first distribution.

**12.    OTHER PLAN PROVISIONS:**

(a)    Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full at the same distribution level as arrearage claims provided for under paragraph 6(d), with interest at the rate set forth in the proof of claim or at 2% per annum if no interest is specified in the proof of claim. Interest will run from the confirmation date.

(b)    Debtor will continue to make payments directly to her employer for the loan with her employer (Merit Sensor Systems).

(c)    Debtor will continue to make payments directly to her 401(k) for the 401(k) loans.

**13. CERTIFICATION.** By signing this plan, counsel certifies that this plan does not alter the provisions of the Model Plan Form set forth as Appendix G referenced in Local Bankruptcy Rule 2083-1(a), except as set forth in section 12 above. Any revisions to the Model Plan Form not set forth in section 12 shall not be effective.

END OF PLAN

Attorney: /s/ *Scott T. Blotter*            Dated this 12th day of August 2015.
Scott T. Blotter
Scott T. Blotter and Associates, PLLC
Attorney for Debtor(s)

Label Matrix for local noticing
1088-2
Case 15-25990
District of Utah
Salt Lake City
Wed Aug 12 13:56:07 MDT 2015

APG Financial
4238 South Redwood Rd
Salt Lake City, UT 84123-2220

AT&T Mobility
PO Box 6416
Carol Stream, IL 60197-6416

Afni
Po Box 3097
Bloomington, IL 61702-3097

Kevin R. Anderson tr
405 South Main Street
Suite 600
Salt Lake City, UT 84111-3408

Axcssfn/cngo
7755 Montgomery Rd Ste 4
Cincinnati, OH 45236-4291

Bank of America
PO Box 650070
Dallas, TX 75265-0070

Scott T. Blotter
Scott T. Blotter and Associates, PLLC
735 East 9000 South
Suite 200
Sandy, UT 84094-3090

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Auto Finance
3905 N Dallas Pkwy
Plano, TX 75093-7892

Check ?n Go
C/O Real Time Resolutions, Inc.
PO Box 566027
Dallas, TX 75356-6027

Citifinancia
300 Saint Paul Pl
Baltimore, MD 21202-2120

Credit One Bank
Po Box 98873
Las Vegas, NV 89193-8873

Cyprus Credit Union
3876 W Center View Dr
West Jordan, UT 84084-6512

Cyprus Cu
3876 W Center View Dr
West Jordan, UT 84084-6512

IHC
PO Box 34578
Seattle, WA 98124-1578

Kaizen Financial
P.O. Box 830794
Richardson, TX 75083-0794

Teri J. McLaren
8173 W. Armoridge Cir.
Magna, UT 84044-2231

Med Data Sys
2001 19th Ave Suite 312
Vero Beach, FL 32960-3449

Merit Sensor Systems
1600 West Merit Parkway
South Jordan, UT 84095-2416

Money 4 You/Mr. Money
498 N 900 W #230
Kaysville, Utah 84037-4213

N.A.R., Inc.
PO BOX 271014
Salt Lake City UT 84127-1014

Outsource
372 24th St Ste 300
Ogden, UT 84401-1438

Outsource Receivables
372 24th St Ste 300
Ogden, UT 84401-1438

Prestige Financial Svc
Attn: Bankruptcy Department
Po Box 26707
Salt Lake City, UT 84126-0707

Rapid Reco
845 S Main St
Bountiful, UT 84010-6381

Stellar Rec
4500 Salisbury Rd Ste 10
Jacksonville, FL 32216-0959

Tosh, Inc. dba Check City
Care of Recovery Management Systems Corp
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

United States Trustee
Ken Garff Bldg.
405 South Main Street
Suite 300
Salt Lake City, UT 84111-3402

Utah State Tax Commisson
ATTN Bankruptcy Unit
210 N. 1950 W.
Salt Lake City, UT 84134-9000

verizon wireless
po box 4005
acworth, GA 30101-9006

End of Label Matrix
Mailable recipients    30
Bypassed recipients     0
Total                  30